Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
jcarden@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Madut Bol,<br><br>               Plaintiff,<br>v.<br><br>KSL ML Management II, LLC, *et al.*,<br><br>               Defendants. | No. 2:14-cv-02588-DLR<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Plaintiff, Madut Bol, ("Bol"), by and through his undersigned counsel, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, hereby requests that the Court enter default judgment against the defendant, KSL ML Management II, LLC, registered to do business in and doing business in Arizona, on the basis that the record in this case demonstrates that there has been a failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure.

Mr. Bol filed his complaint against KSL ML Management II, LLC on December 8, 2014 with an appropriate summons. [Dkt. 12 & 14.] Plaintiff served the Summons and complaint upon Defendant KSL ML Management II, LLC on December 10, 2014 with an appropriate affidavit of service filed and entered on December 16, 2014. [Dkt. 15] Defendant KSL ML Management II, LLC has not entered an appearance or otherwise pled in this matter.

Pursuant to Rule 12(A)(1)(A)(i), "a defendant must serve an answer: (i) within 20 days after being served with the summons and complaint.." To date, Plaintiff has not been served with an Answer, nor does the District Court's record for this case show that an Answer has been filed by KSL ML Management II, LLC.



1

**EHNY Dismissal**

The other party that was served and failed to answer is EHNY Montelucia Resort, LLC. Plaintiff has been unable to ascertain what, if any, role EHNY played in his termination or would play in satisfaction of any judgment. Thus, Plaintiff seeks dismissal of this Defendant without prejudice.

**Background and Purpose of Motion**

This is an action against a large employer by Plaintiff Madut Bol who has claims for violations of Title VII of the Civil Rights Act of 1964 as well as 42 U.S.C. § 1981 for racial discrimination and wrongful termination. The Clerk has entered Default Judgment (Dkt. 20). However, damages were not liquidated, thus Plaintiff now seeks to have this Court approve a final default judgment in this matter.

**Requirements for Default Judgment**

The entry of default by the Clerk is a necessary prerequisite to an entry of default judgment. *See, e.g., Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D.Cal., 2004). The Clerk has properly entered the default of Defendant. (Dkt. 30). After entry of a default, a court may grant a default judgment on the merits of the case. *See* FED.R.CIV.P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising its discretion include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Since the default of the Clerk has been entered, the Court may take as true all factual allegations in Plaintiff's Complaint except for those related to the amount of damages. *See Tele Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir., 1987). Applying the seven *Eitel* factors, supra, the Court should grant default judgment against Defendant for the amounts requested.



**Factor 1. The possibility of prejudice to Bol**

Bol's Complaint (Dkt. 12) and his Declaration (Exhibit A hereto) prove that he has suffered substantial lost income and emotional distress damages as the result of Defendant's unlawful conduct. He would suffer prejudice if this Motion for Default Judgment were denied because he would be "without other recourse for recovery." *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D.Cal., 2002). This factor greatly weighs in favor of entering default judgment.

**Factors 2 and 3. Merits of the Substantive Claim & Sufficiency of the Complaint**

*Eitel* "require[s] that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris U.S.A., Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D.Cal., 2003) (internal quotation marks omitted). Plaintiff's Complaint consists of 59 paragraphs setting forth the specific facts and allegations comprising the elements of each of his two claims: 1. Race-based discrimination and discharge in violation of Title VII, and 2. Race-based discrimination and discharge in violation of 42 U.S.C. § 1981. As required by law, Plaintiff exhausted his administrative remedy by filing a charge of discrimination with the EEOC alleging these violations of Title VII. He has received his right to sue from that agency. There are no defects in Plaintiff's pleading or in his administrative remedy process.

**Factor 4. Sum at Stake**

This factor requires the Court to consider the amount of money at stake in relation to the seriousness of defendants' conduct. *Eitel*, 782 F.2d at 1471–72. It is undisputed that Defendant violated Title VII and 42 U.S.C. § 1981, causing Plaintiff to lose his job, his sole source of income, and to suffer significant emotional distress. This factor weighs in favor of default judgment.

**Factor 5. Possible Dispute Concerning Material Facts**

Upon entry of default, the court may accept as true all well-pleaded facts in the complaint, except those relating to damages, and any later provided evidence in the form of affidavits and exhibits. *See Tele Video Sys., Inc*., 826 F.2d at 917–18. Plaintiff's Complaint (Dkt. 14) and Declaration (Exhibit A hereto) establish both Defendant's liability and Plaintiff's

recoverable damages. Thus, this factor also weighs in favor of default judgment.

**Factor 6. Excusable Neglect of Defendant**

Usually, a court will ask whether a defendant's failure to answer is due to excusable neglect. *See Eitel*, 782 F.2d at 1472 (noting that the fact that the parties were engaged in settlement negotiations excused defendant from failing to answer). In the instant case, Defendant was properly served in December 2014, but it has never appeared. Furthermore, Defendant was actually aware of Plaintiff's claim because it gave a written response to the original charge of discrimination (Ex. A at ¶ 7). Given these circumstances, it is unlikely that Defendants' failure to defend this matter was a result of excusable neglect. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D.Cal., 2001).

**Factor 7. Strong Policy Favoring Decisions on the Merits**

Understandably, default judgments are generally disfavored because "cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, because a discretionary standard is applied, "default judgments are more often granted than denied." *PepsiCo v. Triunfo–Mex, Inc.*, 189 F.R.D. 431, 432 (C.D.Cal., 1999). Indeed, the mere existence of FED.R.CIV.P. 55(b) indicates that the seventh *Eitel* factor is not dispositive. *California Security Cans*, 238 F. Supp. 2d at 1177. Here, Defendant's failure to defend this matter makes a decision on the merits impractical, if not impossible. Therefore, the policy encouraging decisions of cases on their merits does not weigh against granting default judgment here.

**Plaintiff's Damages**

Once the Court has determined that a default judgment is proper, the Court turns to the matter of damages. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. 54(c). Because the allegations in the complaint are taken as true "[i]njury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *Black & Decker (U.S.), Inc. v. All Spares, Inc.*, 2010 U.S. Dist. LEXIS 87334, 2010 WL 3034887, *3 (D. Ariz., Aug.3, 2010) (citing *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D.Cal.,



2003)). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Intern. Corp. v. Thoeren*, 913 F. 2d 1406, 1414 (9th Cir. 1990). Plaintiff has established his damages in his attached Declaration (Ex. A) as: A. Injunctive relief of lost back pay totaling **$24,520.00**; B. Compensatory damages for emotional distress and mental anguish from the loss of job, and worry about how to survive with no income of **$100,000.00**; and C. Punitive damages in the amount of **$100,000.00** for Defendant's reckless indifference and disregard of Plaintiff's rights and racial discrimination, as well as the added insult of firing Mr. Bol and retaining the employee who engaged in the discrimination as described in the Complaint.

**Prejudgment Interest**

Plaintiff is entitled to prejudgment interest as part of his back pay remedy. *See Loeffler v. Frank*, 486 U.S. 549, 557-58 (1988) ("Title VII authorizes prejudgment interest as part of the back pay remedy in suits against private employers"). The Ninth Circuit has approved the following method for calculating an award of prejudgment interest in a case such as this. *Fadhl v. Police Dept. of San Francisco*, 553 F. Supp. 38 (N.D. Cal. 1982), aff'd, 859 F.2d 649 (9th Cir. 1986). The formula provides for the calculation of interest "from the end of each calendar quarter, on the amount then due and owing, at 90% of the average prime rate for the year in which the calendar quarter occurs," with the figure for the prime rate to be obtained from the Federal Reserve Bank. *Richardson v. Restaurant Mktg. Assocs., Inc.*, 527 F. Supp. 690, 698 (N.D. Cal. 1981). Plaintiff represents that the prime rate is 3.25% and that, by using this formula (April 30, 2013 being 115 weeks prior to July 14, 2015), the total amount of interest due through July 14, 2015 is **$4,229.35**, with an additional $**1.96** per day until the day of judgment.

**Conclusion**

Based upon the foregoing, Plaintiff respectfully requests an order directing the Clerk to enter (1) judgment by default for the Plaintiff against Defendant KSL ML Management II, LLC for his damages in the amounts described above. A Proposed Order has been lodged for the granting of this Motion and entry of Default. Plaintiff stands ready to participate in a hearing on this Motion if the Court requires one.



Respectfully submitted on this 14th day of July, 2015,

                                                                                                    JOSHUA CARDEN LAW FIRM, P.C.

                                                                                                    By: <u>s/Joshua W. Carden</u>
                                                                                                    Joshua W. Carden
                                                                                                    *Attorneys for Plaintiff*
                                                                                                    *Madut Bol*

